UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LaVIEN SALES,

                             Plaintiff,

          -against-

LYFT, INC.,

                           Defendant.

26-CV-2954 (JGK)

ORDER OF SERVICE

JOHN G. KOELTL, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1981, the New York State and New York City Human Rights Laws, New York General Business Law § 349, and he also brings a breach-of contract claim. He alleges that he was a driver for Defendant Lyft, Inc., and that Defendant violated his right to due process and discriminated against him based on his race. By order dated April 13, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on assistance from the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an

extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant Lyft, Inc., complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package.

Plaintiff may receive court documents by email by completing a <u>Consent to Electronic Service</u> form.[1]

SO ORDERED.

Dated:
New York, New York
4/15/26

_____
JOHN G. KOELTL
United States District Judge

_____

[1] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

**SERVICE ADDRESSES FOR DEFENDANT**

1.    Lyft, Inc.
      185 Berry Street, Suite 400
      San Francisco, CA. 94107

2.    Lyft, Inc.
      c/o C T Corporation System
      28 Liberty St.
      New York, NY 10005